IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jon R. Rogers,

    Plaintiff,

v.

Internal Revenue Service,

    Defendant.

Case No: 2:13-cv-0797

Judge Graham

Magistrate Judge Kemp

<u>Opinion and Order</u>

This action under the Freedom of Information Act, 5 U.S.C. § 552 is before the court on three motions. Plaintiff Jon Rogers moves to compel discovery and to sanction defendant Internal Revenue Service for the IRS's alleged failure to comply with the magistrate judge's preliminary pretrial order. Rogers also moves for default judgment on the ground that the IRS has never served an answer in this action. Finally, the IRS moves for summary judgment on the ground that Rogers released all rights and claims against the IRS when he settled four civil forfeiture actions to which his FOIA request relates.

**I.     Background**

Rogers was the subject of a decade-long investigation by the IRS into an off-shore gambling operation that Rogers allegedly ran with two associates. The investigation produced the filing of four civil forfeiture actions against his assets in 2003 and 2004. These actions were filed in the United States District Court for the Western District of Pennsylvania. The civil forfeiture complaints alleged that approximately $10 million in seized assets represented proceeds of illegal transmission of wagering information, mail fraud, wire fraud and money laundering. <u>See</u> IRS Mot. for Summ. J., Exs. A-D.

The forfeiture actions were stayed pending a determination whether Rogers would be criminally indicted. Ultimately he was not and on August 1, 2012 Rogers and the IRS executed a settlement agreement that resulted in the dismissal of the forfeiture actions, as well as the dismissal of a related proceeding in the Bailiwick of Jersey, a British Crown dependency. <u>See</u> IRS Mot. for Summ. J., Ex. E. The settlement agreement contained a broad release provision by which Rogers

agreed to release all claims and rights against the United States, and discharge the United States from any duties, relating in any way to the forfeiture actions.

On November 29, 2012 Rogers submitted a FOIA request to numerous federal agencies, including the IRS. The FOIA request sought production of 71 categories of records that related to the investigation of Rogers and his associates, to the forfeiture actions, and to the August 1, 2012 settlement. See Compl., Ex. 1. On December 26, 2012, Rogers supplemented his request to the IRS by specifying that his request concerned the years 1993 to the present. Id., Ex. 3.

On February 28, 2013, the IRS denied Rogers's request in its entirety. Compl., Ex. 6. The IRS asserted that records responsive to FOIA Request Numbers 11 and 48 were exempt from disclosure because disclosure could impair federal tax administration and interfere with enforcement proceedings. Numbers 11 and 48 sought records of computer programs used by the IRS to investigate Rogers and records contained in any investigation file as to Rogers. The IRS further asserted that records responsive to Request Number 41 (seeking disciplinary records of the agents who participated in the investigation of Rogers and the prosecution of the forfeiture actions) were exempt because disclosure would constitute an invasion of personal privacy. The IRS denied the remaining 68 items on the basis that the responsive records were under the jurisdiction of other agencies.

Rogers appealed in full the denial of his FOIA request. Compl., Ex. 7. On April 9, 2013, the IRS informed Rogers that it had denied his administrative appeal, on the grounds originally stated in the February 28, 2013 letter. Id., Ex. 9.

On August 9, 2013, Rogers filed this suit against the IRS under FOIA and the Privacy Act. See 5 U.S.C. §§ 552, 552a. The magistrate judge conducted a preliminary pretrial conference under Rule 16, Fed. R. Civ. P., on January 15, 2014. The magistrate judge entered an order requiring the IRS to conduct a review of approximately 500,000 pages of hardcopy records identified in the administrative process as being responsive to the FOIA requests. The magistrate judge made separate provisions, not at issue here, regarding review of electronic records.

The magistrate judge established a deadline of October 15, 2014 for the IRS to complete its hardcopy document review. He also instructed the IRS to issue monthly reports to plaintiff identifying the records that the IRS determined could be disclosed and the records it determined to be exempt. As to records claimed to be exempt, the monthly reports would include, to the extent possible, certain pieces of descriptive information, including the date the record was generated, its

storage location and custodian, its subject matter, and a citation to the specific exemption being claimed.

On April 29, 2014 the court granted the IRS's request to withdraw a motion to dismiss the IRS had filed in December 2013. The court denied the motion to dismiss without prejudice to re-filing.

On July 23, 2014 plaintiff moved to compel discovery and to sanction the IRS regarding the IRS's alleged failure to comply with the magistrate judge's pretrial order.

On November 13, 2014, the IRS moved for summary judgment, contending that the parties entered into a settlement agreement which contained a release broad enough to bar the instant action.

On November 25, 2014, plaintiff moved for default judgment. Plaintiff contends that default judgment is appropriate because the IRS failed to serve an answer after the court denied the IRS's motion to dismiss.

These three motions are now ripe before the court.

## II. Motion to Compel and for Sanctions

In his motion to compel and for sanctions, plaintiff argued that the IRS had failed to submit monthly reports for March, April and May and that its reports for February, June and July failed to contain the information required under the magistrate judge's order. The IRS responded that it had encountered unforeseen difficulty in reviewing records and acknowledged that its reports were lacking. The magistrate judge held additional conferences with the parties, and the IRS submitted more thorough reports in September and October and completed its review by the November 15, 2014 deadline. In December 2014 the parties filed supplemental briefs regarding plaintiff's motion.

In its supplemental brief, the IRS argues that it complied with the deadline for completing its records review and that its monthly reports from June 2014 onward complied with the magistrate judge's order. The IRS states that its early difficulties stemmed from a mistaken, but good faith, belief that certain documents (about 200,000 pages) were in its control, when in fact they were under the control of the United States Attorney's Office. This mistaken belief added layers to the review process: review by the United States Attorney's Office and obtaining an order from United States District Court for the Western District of Pennsylvania allowing disclosure by the IRS. See Doc. 28, Ex. 5(a); In re Grand Jury Investigation of Jon R. Rogers, No. 2:14-mc-163 (W.D. Pa.). The IRS contends that, once it overcame these initial hurdles, it satisfied its obligations under the magistrate judge's order.

3

Plaintiff responds that the IRS's early failings should not be excused because the IRS violated a court order. Further, plaintiff argues that the IRS's latest monthly reports still fail to contain the required content.

The court denies plaintiff's motion as it relates to his request for sanctions. The IRS has demonstrated good cause for its early difficulties in complying with the magistrate judge's order. Moreover, the IRS timely informed plaintiff of its need to complete additional steps and kept plaintiff updated as to the IRS's progress. See Doc. 24-1, IRS letters to plaintiff's counsel dated March 14, April 15, April 23, May 7, May 8, and May 16, 2014. Plaintiff is unable to show prejudice caused by the delay, as the IRS ultimately met the deadlines for completing its records review and submitting monthly reports.

The court denies as moot plaintiff's motion as it relates to his request that the court compel the IRS to supplement the monthly reports with more content. As will be discussed below, the court finds that this action is covered by a release between the parties and that the IRS has no further obligations to respond to plaintiff's FOIA requests.

### III. Motion for Default Judgment

Plaintiff moves for default judgment under Rule 55(b), Fed. R. Civ. P., noting that the IRS never filed an answer after the court denied its motion to dismiss the complaint. The court denies the motion for default judgment for three reasons.

First, plaintiff moved for default judgment without first complying with Rule 55(a)'s requirement of obtaining an entry of default. See also S.D. Ohio Local Civ. R. 55.1. For this reason alone, the court may deny the motion for default judgment. See Lott v. Marietta Mun. Ct., No. 2:13–cv–377, 2013 WL 6662836, at *2 (S.D. Ohio Dec. 17, 2013); Siddhar v. Sivanesan, No. 2:13–cv–747, 2013 WL 6504667, at *2 (S.D. Ohio Dec. 11, 2013).

Second, the IRS has not failed to "otherwise defend" this action. Fed. R. Civ. P. 55(a). The IRS has actively defended in this litigation since filing its motion to dismiss. The parties submitted a Rule 26(f) report on January 7, 2014 in which the IRS noted its position that the documents were exempt from disclosure and in which the IRS stated its intention to file a motion for summary judgment. The IRS attended a Rule 16 preliminary pretrial conference before the magistrate judge on January 15, 2014, again indicating its intention to file a motion for summary judgment. The docket reflects that the IRS subsequently participated in numerous discovery conferences with the magistrate judge. And on November 13, 2014 the IRS filed a motion for summary judgment. In similar circumstances, courts have declined to enter default judgment despite a defendant's failure to

4

file an answer.  See Cannon v. Washington, 321 Fed. App'x 501, 503 (7th Cir. 2009) ("The defendants had not refused to participate in the litigation – indeed, they had complied with discovery and were proceeding to dispute Cannon's claim on its merits."); Hise v. Philip Morris Inc., No. 99-5113, 2000 WL 192892, at *3 (10th Cir. Feb. 17, 2000) ("We believe a summary judgment motion, seeking to dispose of all the issues of a case, is an effort to 'otherwise defend,' and as such, is sufficient to prevent default judgment."); Charles Alan Wright, et al., 10A Federal Practice & Procedure § 2682 (3rd ed. 2008) (noting that motions challenging the sufficiency of pleadings are sufficient to "otherwise defend" against a lawsuit).

Finally, default judgment may be entered against the United States "only if the claimant establishes a claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P. 55(d). Here, plaintiff has submitted no evidence to establish that he entitled to relief. The IRS claims that the records responsive to plaintiff's FOIA requests are exempt from disclosure. Beyond the allegations of the complaint, plaintiff has not attempted to demonstrate otherwise.

Accordingly, plaintiff's motion for default judgment is denied.

### IV. Motion for Summary Judgment

#### A. Scope of the Release

The August 1, 2012 settlement agreement, which resulted in the dismissal of four civil forfeiture actions brought by the IRS against Rogers, contained the following release provision:

> . . . Jon R. Rogers, his assigns, and heirs, hereby unconditionally release and forever discharge the United States . . . from and against any and all manner of claims, actions, causes of action, rights, set-offs, promises, allegations, expenses, assessments, penalties, charges, injuries, losses, costs, obligations, duties, suits, proceedings, debts, dues, contracts, judgments, damages, claims, counterclaims, liabilities and/or demands of every kind, character and manner whatsoever in law or equity, administrative or judicial, contract, tort (including negligence of all kinds) or otherwise, whether known or unknown, claimed or unclaimed, asserted or unasserted, suspected or unsuspected, discovered or undiscovered, choate or inchoate, accrued or unaccrued, anticipated or unanticipated, contingent or fixed, for, upon, or by reason of any and all matters whatsoever, related to and/or in connection with or arising out of these Forfeiture Actions.

IRS Mot. for Summ. J., Ex. E, ¶ 9.

The release language is broad. It covers all claims, rights and demands "of every kind" related to the forfeiture actions and discharges the United States from all duties of every kind relating to the actions. In this suit, plaintiff asserts a claim or right under FOIA. His FOIA requests relate directly to the investigation that formed the basis of the forfeiture actions (FOIA Request

Nos. 1-48, 66-68), to the allegations made in the forfeiture actions (FOIA Request Nos. 49-66), and to the settlement of those actions (FOIA Request Nos. 69-71). Indeed the introduction to the FOIA request lists the four actions and states that the requests which follow concern them.[1] Thus, on its face this FOIA suit fits within the release provision.

Plaintiff offers both substantive and procedural arguments for why he believes his FOIA action is not covered by the release. Three of these arguments concern the scope of the release and are without merit. Plaintiff argues that the release does not apply because his FOIA claim did not accrue until after he made the FOIA request and exhausted his administrative remedies. The release, however, expressly includes "accrued or unaccrued" claims, and the state law cases cited by plaintiff for the proposition that a release of unaccrued claims is against public policy are inapplicable for two reasons. First, the holdings of the cases are expressly limited to the workers' compensation context, where Ohio Revised Code § 4123.80 controls the waiver of rights. See McHenry v. Mihm, No. 2829, 1992 WL 66372 (Ohio Ct. App. 1992); Reed v. Young, 196 N.E.2d 350 (Ohio Ct. C.P. 1963). More importantly, state law does not apply here because federal common law governs the "obligations to and rights of the United States under its contracts." Boyle v. United Technologies Corp., 487 U.S. 500, 504 (1988). Under federal common law, the waiver of an unaccrued claim or right is enforceable. See Thyer v. U.S. Dep't of Justice, No. 12-606, 2013 WL 140244, at *4 (D. D.C. Jan. 11, 2013) (holding that right to unaccrued FOIA claim was waived in plea agreement and citing other cases so holding).

Plaintiff next argues that his FOIA claim does not "arise out of" the forfeiture actions. He contends that it arises out of the IRS's refusal to produce the requested documents. But the language of the release is not limited to claims "arising out of" the forfeiture actions. It also includes claims of every kind and manner "related to and/or in connection with" those actions. As stated above, all of the FOIA requests are related to the forfeiture actions.

The third argument offered by plaintiff is that a distinction should be made concerning documents generated during the IRS's criminal investigation of him. He claims that a criminal investigation does not relate to a civil forfeiture action. This argument has two flaws. First, there is not a clean separation of criminal and civil investigations in the forfeiture context. The ability of the United States to bring suit under the civil forfeiture statute is predicated on establishing that the

---

[1] Many of the FOIA requests simply reference the allegations of the forfeiture complaints by paragraph number and request all documents supporting a particular allegation. See FOIA Request Nos. 49-66. Plaintiff presumably could have requested production of such documents during discovery in the forfeiture actions.

property subject to forfeiture represents proceeds from, or is traceable to, underlying criminal activity. See 18 U.S.C. § 981. A review of the forfeiture complaints against Rogers confirms that the complaints were based on allegations of criminal conduct, including money laundering, mail and wire fraud and unlawful transmission of wagering information. Second, the release language contains no distinction between criminal and civil proceedings. It covers "any and all matters whatsoever, related to and/or in connection with or arising out of these Forfeiture Actions." It does not exclude criminal matters from its scope.

### B. Waiver of an Affirmative Defense

Plaintiff's two remaining arguments go to waiver. He argues that the IRS waived the affirmative defense of release by not pleading it in an answer. See Fed. R. Civ. P. 8(c)(1). However, one exception to the waiver rule for omitted affirmative defenses is where the defendant asserts the substance of the defense in a pretrial motion, as long as the plaintiff does not suffer prejudice and has an opportunity to respond. See Stupak-Thrall v. Glickman, 346 F.3d 579, 585 (6th Cir. 2003) (permitting government to raise a statute of limitations defense for the first time in a motion for summary judgment); Smith v. Sushka, 117 F.3d 965, 969 (6th Cir. 1997) ("Failure to raise an affirmative defense by responsive pleading does not always result in waiver. The purpose of Rule 8(c) of the Federal Rules of Civil Procedure is to give the opposing party notice of the affirmative defense and a chance to respond.") (internal citation omitted)); Ledo Fin. Corp. v. Summers, 122 F.3d 825, 827 (9th Cir. 1997) ("[A]bsent prejudice to the plaintiff an affirmative defense may be plead for the first time in a motion for summary judgment."); Charles Alan Wright, et al., 5 Federal Practice & Procedure § 1278 n.25 (3rd ed. 2004). The court finds here that the IRS did not waive its right to assert the defense of release because plaintiff has been able to respond to the motion for summary judgment and he has not demonstrated any prejudice.

### C. Waiver by Estoppel

Finally, plaintiff argues that the IRS waived by estoppel its right to rely on the release provision of the settlement agreement. Again citing Ohio law, plaintiff contends that a party impliedly waives a contractual right when its conduct is inconsistent with the claimed right and the other party has been misled to his prejudice. See Nat'l City Bank v. Rini, 162 Ohio App.3d 662, 668, 834 N.E.2d 836, 840 (Ohio Ct. App. 2005). According to plaintiff, the IRS's pre-suit conduct in processing his FOIA request and its subsequent efforts to comply with the magistrate judge's pretrial order should prevent the IRS from now claiming that the plaintiff's FOIA rights were released by the settlement agreement.

7

Plaintiff's waiver by estoppel argument is not persuasive in the context of this case. As an initial matter, it is uncertain whether federal common law would recognize waiver by estoppel. Courts have generally declined to incorporate waiver and estoppel doctrines into the federal common law of contracts. See, e.g., Mills v. Prudential Ins. Co. of Am., 513 Fed. App'x 713, 714 (10th Cir. 2013) (finding no federal cases to support, under federal common law, plaintiff's theories of waiver and estoppel regarding Servicemembers' Group Life Insurance policy); Thornton v. Western & Southern Fin. Grp. Beneflex Plan, 797 F.Supp.2d 796, 806 (W.D. Ky. 2011) ("It is not clear that waiver is a viable claim under the federal common law of ERISA."); Michigan Elec. Employees Pension Fund v. Encompass Elec. & Data, Inc., 556 F.Supp.2d 746, 779 (W.D. Mich. 2008) (noting that "federal law forecloses the defenses of oral modification, waiver, and estoppel" as to collective bargaining agreements).

Even if the court were to consider plaintiff's waiver by estoppel theory under federal common law, it would be unavailing here, as the government is the party against whom the theory would be applied. The concept of an implied waiver "has its roots in estoppel" because it is based upon the conduct of the parties, one of whom acts inconsistently with the claimed right and the other of whom relies to his detriment. Ragen v. Hancor, Inc., 920 F.Supp.2d 810, 818 (N.D. Ohio 2013); see also Chubb v. Ohio Bureau of Workers' Comp., 81 Ohio St.3d 275, 279 690 N.E.2d 1267, 1269-70 (Ohio 1998) (stating that equitable estoppel "involves the conduct of both parties, whereas waiver depends upon what one intends to do"); 28 Am. Jur.2d Estoppel and Waiver, § 36 (explaining that the doctrine of implied waiver "invariably" incorporates the elements of equitable estoppel). Thus, plaintiff's theory must be treated as one for estoppel. See Nat'l City Bank, 162 Ohio App.3d at 668, 834 N.E.2d at 840 ("Waiver by estoppel allows a party's inconsistent conduct, rather than a party's intent, to establish a waiver of rights.").

"The Government may not be estopped on the same terms as any other litigant." Heckler v. Cmty. Health Servs. of Crawford Cnty., Inc., 467 U.S. 51, 60 (1984). "The party attempting to estop the government bears a very heavy burden." Fisher v. Peters, 249 F.3d 433, 444 (6th Cir. 2001) (citing Office of Pers. Mgmt. v. Richmond, 496 U.S. 414, 422 (1990) for the observation that "the United States Supreme Court has reversed every finding of estoppel against the Government that the Court has reviewed"); see also Garavaglia v. C.I.R., 521 Fed. App'x 476, 481 n.4 (6th Cir. 2013) (same).

"At the very minimum, some affirmative misconduct by a government agent is required as a basis of estoppel." United States v. Guy, 978 F.2d 934, 937 (6th Cir. 1992) (citations omitted). "[A]

8

litigant claiming equitable estoppel against the Government must establish, in addition to the traditional elements, more than mere negligence, delay, inaction, or failure." Fisher v. Peters, 249 F.3d at 444-45 (internal quotation marks omitted).  Courts require "an act by the government that either intentionally or recklessly misleads the claimant."  Michigan Express, Inc. v. U.S., 374 F.3d 424, 427 (6th Cir. 2004).

Plaintiff has not met the heavy burden for applying estoppel against the IRS.  Plaintiff faults the IRS for processing his FOIA request, arguing that by doing so the IRS took a position inconsistent with the claimed right of release.  But the IRS denied his request in its entirety and affirmed the denial on administrative appeal – it did not mislead plaintiff into believing that it would produce the requested documents.  Moreover, plaintiff has not pointed to any evidence establishing affirmative misconduct by the disclosure analysts who processed his FOIA request, and he certainly has not offered evidence showing that those analysts, working for the Department of the Treasury in Washington D.C., had knowledge of the settlement agreement he had entered into with the United States Attorney for the Western District of Pennsylvania on behalf of the United States.  See Sulit v. Schiltgen, 213 F.3d 449, 454 (9th Cir. 2000) ("Neither the failure to inform an individual of his or her legal rights nor the negligent provision of misinformation constitute affirmative misconduct.").

The court also does not find affirmative misconduct by the IRS in its defense of this litigation.  The IRS conducted its review of hardcopy records and submitted monthly reports in compliance with the magistrate judge's pretrial order.  Though it would have been preferable for the IRS to have raised the issue of the release at the pretrial conference, the IRS still raised it at an early stage of the litigation, prior to any briefing and determination on the merits of the IRS's claimed FOIA exemptions.  Moreover, the IRS's review of records was done at the government's time and expense, not plaintiff's.  The IRS's failure to assert the release defense earlier may have resulted in some governmental waste, but it did not prejudice or cause detriment to plaintiff.  In sum, the court finds no evidence of affirmative misconduct on the part of the IRS.

**V.     Conclusion**

For the reasons stated above, the IRS's motion for summary judgment (doc. 37) is GRANTED, and plaintiff's motions for default judgment (doc. 40) and to compel and for sanctions (doc. 28) are DENIED.

The Clerk of Court shall enter judgment for the defendant.

                                                    s/ James L. Graham  
                                                    JAMES L. GRAHAM  
                                                    United States District Judge

DATE: March 2, 2015